UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

_____

DANYELL MCGEE,

                          Plaintiff,

v.                                          Case No. 16-cv-1682-pp

NICK PREY, STEVEN WEETZ,
CATHARINE WHITE, and
JUDGE JAMES HABECK,

                          Defendants.
_____

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE (DKT. NO. 2) AND SCREENING COMPLAINT UNDER 28 U.S.C. §1915A**
_____

      The plaintiff, an inmate at the Shawano County Jail, is representing himself. He filed this lawsuit under 42 U.S.C. §1983, dkt. no. 1, along with a motion for leave to proceed without prepayment of the filing fee, dkt. no. 2. This order resolves the plaintiff's motion and screens his complaint.

I.     <u>Motion for Leave to Proceed without Prepayment of the Filing Fee</u>

      The Prison Litigation Reform Act (PLRA) applies to this case because the plaintiff is incarcerated. 28 U.S.C. §1915. The PLRA allows a court to give an incarcerated plaintiff the ability to proceed with his lawsuit without prepaying the case filing fee, as long as he meets certain conditions. One of those conditions is that the plaintiff pay an initial partial filing fee. 28 U.S.C. §1915(b).

1

On December 21, 2016, January 20, 2017, and March 10, 2017, the court ordered the plaintiff to pay an initial partial filing fee of $18.95. Dkt. No. 5, 9, 14. The plaintiff has not paid the fee. After the court imposed the fee, however, the plaintiff wrote to the court two letters, indicating that he did not have the funds to pay even the initial partial filing fee. Dkt. Nos. 15, 16. He indicated that if funds became available in the future, he would pay then. Id. The court is satisfied that the plaintiff cannot pay the initial partial filing fee at this time. See Dkt. No. 15, 16; see also 28 U.S.C. §1915(b)(4). The court will waive the initial partial filing fee, and will grant the plaintiff's motion to proceed without prepayment of the filing fee. The court will require the plaintiff to pay the filing fee over time as set forth at the end of this decision.

II.     Screening the Plaintiff's Amended Complaint

The law requires the court to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that

allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To proceed under 42 U.S.C. §1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the defendant was acting under color of state law. Buchanan-Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009) (citing Kramer v. Village of North Fond du Lac, 384 F.3d 856, 861 (7th Cir. 2004)); see also Gomez v. Toledo, 446 U.S. 635, 640 (1980). The court gives a *pro se* plaintiff's allegations, "however inartfully pleaded," a liberal construction. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

### A.     The Plaintiff's Allegations

The plaintiff is suing Shawano County Judge James Habeck, Shawano County Detective Nick Prey, Shawano County District Attorney Catharine White, and Public Defender Steven Weetz. Dkt. No. 1 at 1.

He alleges that on August 8, 2016, Judge Habeck signed warrants from "affidavit CI" (presumably, a confidential informant) allowing Detective Prey to track the plaintiff by GPS, undercover vehicles and phone conversations. Id. at 2. On August 11, 2016, detectives arranged a traffic stop in Shawano County. Id. The plaintiff was a passenger in the car and, when asked for his identification, gave his brother's name. Id. Detectives and a dog searched the vehicle for over two hours and didn't find any drugs. Id. District Attorney White

3

charged the plaintiff with identity theft and possession of a rolled-up dollar bill. Id.[1]

Later in the day on August 11, 2016, the plaintiff was told he qualified for a public defender, and he had a brief consultation with Attorney Weetz. Id. at 3. The plaintiff asked Attorney Weetz to file for a speedy trial, but Weetz did not do so. Id. The plaintiff alleges that Attorney Weetz switched the judge on the plaintiff's case to Judge Habeck, then dropped the plaintiff as a client, alleging a "conflict of entrance." Id. At the time, the plaintiff didn't know that Judge Habeck had signed off on the initial investigation of the plaintiff. Id. The plaintiff hasn't been able to get his bail reduced, and he alleges that District Attorney White, with Judge Habeck's approval, used the plaintiff's juvenile offense in court because the plaintiff doesn't have an adult record to support his bail amount. Id.

On August 16, 2016, Detective Prey took the plaintiff's cell phone from his property at the Shawano County Jail. Id. On August 24, 2016, the plaintiff complained to county officials about the phone. Id. On August 28, 2016, the plaintiff was given a search warrant, signed by Judge Habeck, that authorized Detective Prey to take the plaintiff's phone on August 19, 2016—three days after the plaintiff noticed the phone had been illegally removed. Id.

---

[1] Online court records from Shawano County indicate that the State charged the plaintiff with resisting or obstructing an officer in violation of Wis. Stat. §946.51(1); misdemeanor bail jumping in violation of Wis. Stat. §946.49(1)(a); and possession of drug paraphernalia in violation of Wis. Stat. §961.573(1). See https://wcca.wicourts.gov (last visited October 10, 2017).

The plaintiff states that he was denied the right to vote in this year's presidential election. Id. at 4. When he asked about voting, the plaintiff was told he couldn't vote because he was incarcerated, despite the fact that he's not a felon. Id.

The plaintiff believes that District Attorney White and Judge Habeck have kept him confined under false pretenses, as a result of ethical violations and abuse of power, with the assistance of the public defender's office. Id. According to the plaintiff, keeping him unlawfully confined has allowed Detective Prey to build a case unlawfully, using fabricated evidence to manufacture a conviction while the plaintiff sits in jail without any real legal representation. Id.

For relief, based on his treatment as a prisoner and the inappropriate conduct from the Shawano County Justice System, the plaintiff seeks monetary damages if he wins his criminal case by judgment. Id. at 5. If his criminal case settles before trial, the plaintiff wants his name cleared of all charges, as well as monetary damages and legal fees. Id.

### B. The Court's Analysis

The plaintiff's claims against Judge Habeck and District Attorney White do not state claims upon which the court can grant relief, because government officials such as Judge Habeck and District Attorney White have absolute immunity from suit based on actions undertaken pursuant to their official duties in the plaintiff's criminal case. "A judge has absolute immunity for any judicial actions unless the judge acted in the absence of all jurisdiction." Polzin

5

v. Gage, 636 F.3d 834, 838 (7th Cir. 2011). There is no indication that Judge Habeck didn't have jurisdiction over the plaintiff, so he "ha[d] absolute immunity for his judicial actions." Id. District Attorney White is likewise immune. "Absolute immunity shields a person acting . . . as a prosecutor [ ] from §1983 liability when performing her duties in the judicial process." Id. (citing Imbler v. Pachtman, 424 U.S. 409, 420–29 (1976) (discussing absolute immunity for state prosecutors from §1983 liability). Those duties include "the preparation and filing of . . . charging documents [such as an information and arrest warrants]." Kalina v. Fletcher, 522 U.S. 118, 128 (1997).

For these reasons, the court will not allow the plaintiff to proceed on his claims against Judge Habeck and District Attorney White.

With regard to Attorney Weetz: to state a claim under 42 U.S.C §1983, a plaintiff must allege the deprivation of a right secured by the Constitution or the laws of United States. Rodriguez v. Plymouth Ambulance Service, 577 F.3d 816, 822 (7th Cir. 2009). In addition, the alleged deprivation must have been committed by a person acting under the color of state law, which means the person exercised power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." Id.; West v. Atkins, 487 U.S. 42, 49 (1988). Plaintiffs cannot sue criminal defense attorneys under §1983 because they do not act under the color of state law; they are the adversary of the State. Polk Cty. v. Dodson, 454 U.S. 312, 318, 325 (1981); see Swift v. Swift, 556 Fed. Appx. 509, 510-11 (7th Cir. 2014); West, 487 U.S. at 50. Even attorneys who are appointed do not act under the

color of state law. Polk, 454 U.S. at 318 ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."). The plaintiff might be able to bring a malpractice claim against Attorney Weetz in state court, or, because he was convicted on the state criminal charges, he might be able to raise ineffective assistance of counsel as an issue on direct appeal of his conviction, or in a federal *habeas* petition under 28 U.S.C. §2254.[2] The plaintiff has not, however, stated a claim against Attorney Weetz under §1983.

With regard to Detective Prey: reading the allegations in the complaint liberally, it appears that the plaintiff alleges that Prey fabricated evidence against him, leading to his arrest and pretrial detention. These allegations—essentially allegations of false arrest—implicate the plaintiff's rights under the Fourth Amendment. See Manual v. City of Joliet, Ill., ___ U.S. ___, 137 S. Ct. 911, 918-19 (2017). The plaintiff also alleges that on August 16, 2016, Detective Prey took his cell phone without a search warrant. (He alleges that the search warrant that he was shown on August 28, 2016 authorized Detective Prey to seize the phone on August 19, 2016, not three days prior.) These allegations implicate the plaintiff's rights under the Fourth Amendment. The court will allow the plaintiff to proceed on Fourth Amendment claims against Detective Prey.

---

[2] Wisconsin online court records show that on April 18, 2017, the plaintiff pled guilty to all three charges, and was sentenced the same day. See https://wcca.wicourts.gov (last visited October 10, 2017).

Finally, the plaintiff's allegations that he was denied the right to vote during the last presidential election implicate his constitutional rights. See O'Brien v. Skinner, 414 U.S. 524, 530 (1974) (Equal Protection Clause guarantees a pretrial detainee's right to vote); see also McDonald v. Bd. of Election Comm'rs., 394 U.S. 802, 807-09 (1969) (unsentenced inmates otherwise under no disability to vote may not be denied the franchise, although the state need not provide them with the most expeditious means of voting possible). But the plaintiff does not indicate in his complaint *who* deprived him of his right to vote—in other words, he has not named a defendant or defendants. And unless Detective Prey is the person who denied him his right to vote, this allegation is not related to the plaintiff's remaining Fourth Amendment claims against Detective Prey. If the plaintiff wants to pursue this claim, he needs to file a new case, and name a specific defendant or defendants. The court will not allow the plaintiff to proceed on this claim.

In sum, the plaintiff may proceed on Fourth Amendment claims against Detective Prey, as described above. The court will dismiss all remaining defendants and claims.

III.     Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepayment of the filing fee (*in forma pauperis*). Dkt. No. 2. The court **WAIVES** the initial partial filing fee.

The court **DISMISSES** defendants Weetz, White and Habeck.

8

The court **ORDERS** that the United States Marshal shall serve a copy of the complaint and this order on defendant Detective Prey under Federal Rule of Civil Procedure 4. The court advises the plaintiff that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. §1921(a). The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). Although Congress requires the court to order service by the U.S. Marshals Service precisely because *in forma pauperis* plaintiffs are indigent, it has not made any provision for these fees to be waived either by the court or by the U.S. Marshals Service.

The court **ORDERS** that defendant Detective Prey shall file a responsive pleading to the complaint.

The court **ORDERS** that the plaintiff shall pay the $350.00 balance of the filing fee in installments as he is able. Payments shall be forwarded to the clerk of court at the address listed below. The plaintiff shall clearly identify the payments by the case name and number assigned.

The court **ORDERS** that the parties may not begin discovery until after the court enters a scheduling order setting deadlines for discovery and dispositive motions.

The court **ORDERS** that the plaintiff shall submit all correspondence and legal material to:

Office of the Clerk
United States District Court
Eastern District of Wisconsin
362 United States Courthouse
517 E. Wisconsin Avenue
Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the case. Because each filing will be electronically scanned and entered on the docket upon receipt by the clerk, the plaintiff need not mail copies to the defendants. All defendants will be served electronically through the court's electronic case filing system. The plaintiff should retain a personal copy of each document filed with the court.

The court warns the plaintiff that failure to timely filing documents may result in the dismissal of this case for failure to prosecute. The parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated in Milwaukee, Wisconsin this 11th day of October, 2017.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**United States District Judge**