UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DANYELL MCGEE,

                Plaintiff,

v.                                              Case No. 16-cv-1682-pp

NICK PREY,

                Defendant.

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (DKT. NO. 30) AND DISMISSING CASE**

On December 19, 2016, plaintiff Danyell McGee, who was a state prisoner at the time, filed a *pro se* complaint under 42 U.S.C. §1983, alleging that various defendants had violated his constitutional rights. Dkt. No. 1. The court allowed him to proceed against one defendant, Nick Prey, who the plaintiff alleges violated his Fourth Amendment rights. Dkt. No. 17 at 7.

On June 7, 2018, the defendant moved for summary judgment. Dkt. No. 30. The plaintiff did not timely respond. See Civil Local Rule 56(b)(2) (E.D. Wis. 2010) (requiring that a person responding to a motion for summary judgment must file his opposition response "within 30 days of service of the motion"). On July 19, 2018, the court ordered that on or before August 3, 2018, the plaintiff must either respond to the defendant's motion, or explain why he could not do so. Dkt. No. 35. The plaintiff did not comply with that order. In fact, the court

1

has received nothing from the plaintiff since a letter filed on April 5, 2017. Dkt. No. 16.

Under Civil L.R. 41(c), the court could dismiss the plaintiff's case, if it concludes that he has not diligently pursued it. If the court dismissed the case under Rule 41(c), the plaintiff could file the case again within a certain time. The court also has the authority to sanction the plaintiff for his failure to respond, by granting the defendant's motion for summary judgment and dismissing the case with prejudice under Civil L. R. 7(d). "With prejudice" means that the plaintiff cannot file a new case based on the same facts.

In considering those options, the court notes that in its July 19 order, the court warned the plaintiff that if he failed to respond by the deadline the court set, the court would decide the defendant's motion without any input from him. The defendant has argued that the court should grant his motion for summary judgment, because the plaintiff cannot show that the defendant falsely arrested him, or unreasonably searched his cell phone. Dkt. No. 31. Because the plaintiff did not present his own proposed findings of fact or a brief in opposition to the defendant's, the court must accept the defendant's proposed facts as admitted. See Civ. L.R. 56(b)(4). Those facts show that (a) the police arrested the plaintiff because he gave a false name and had an outstanding warrant, dkt. no. 33, ¶¶28-30, and (b) the police did not search the plaintiff's cell phone until they received a warrant from the Shawano County Circuit Court, dkt. no. 47. These undisputed facts support the court

granting the defendant's motion for summary judgment, and dismissing the case with prejudice.

The court **GRANTS** the defendant's motion for summary judgment, dkt. no. 30, and **ORDERS** that this case is **DISMISSED with prejudice**. The Clerk of Court shall enter final judgment on the merits.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment. See Federal Rule of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. See Federal Rule of Appellate Procedure 4(a)(5)(A).

Under limited circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). A dissatisfied party must file any motion under Federal Rule of Civil Procedure 59(e) within **28 days** of the entry of judgment. The court cannot extend this deadline. See Federal Rule of Civil Procedure 6(b)(2). A party must file any motion under Federal Rule of Civil Procedure 60(b) within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. See Federal Rule of Civil Procedure 6(b)(2).

The court expects parties to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 21st day of August 2018.

BY THE COURT:

**HON. PAMELA PEPPER**
**United States District Judge**